SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ALEXIS D. GREGORIAN
JEREMY R. SANDERS
Trial Attorneys
Criminal Division, Fraud Section
United States Department of Justice
    4811 Airport Plaza Drive, 5th floor
    Long Beach, California 90812
    Telephone:  (202) 768-1172
    Facsimile:  (562) 982-1799
    E-mail:    alexis.gregorian@usdoj.gov
             jeremy.sanders@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-330-GW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARIA ESPINOZA |
| v. | |
| MARIA ESPINOZA,<br>   aka "Maria Piril,"<br>   aka "Maria Gonzalez,"<br>   aka "Maria Guadalupe Espinoza,"<br>   aka "Maria Guadalupe Piril" | |
| Defendant. | |

    1.    This constitutes the plea agreement between MARIA ESPINOZA, also known as "Maria Piril," "Maria Gonzalez," "Maria Guadalupe Espinoza," "Maria Guadalupe Piril" ("defendant") and the United States Attorney's Office for the Central District of California and the Fraud Section of the Criminal Division of the United States Department of Justice (collectively, "the United States") in the above-captioned case.  This agreement is limited to the United States Attorney's Office for the Central District of

1

1  California and the Fraud Section of the Criminal Division of the
2  United States Department of Justice and cannot bind any other
3  federal, state, local, or foreign prosecuting, enforcement,
4  administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

6  2.   Defendant agrees to:

7  a)   At the earliest opportunity requested by the United
8  States and provided by the Court, appear and plead guilty to count
9  one of the first superseding indictment in <u>United States v. Oxana</u>
10 <u>Loutseiko, et al.</u>, CR No. 15-330, which charges defendant with
11 conspiracy to commit health care fraud, in violation of 18 U.S.C.
12 § 371.

13 b)   Not contest facts agreed to in this agreement.

14 c)   Abide by all agreements regarding sentencing
15 contained in this agreement.

16 d)   Appear for all court appearances, surrender as
17 ordered for service of sentence, obey all conditions of any bond,
18 and obey any other ongoing court order in this matter.

19 e)   Not commit any crime; however, offenses that would be
20 excluded for sentencing purposes under United States Sentencing
21 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
22 not within the scope of this agreement.

23 f)   Be truthful at all times with Pretrial Services, the
24 United States Probation Office, and the Court.

25 g)   Pay the applicable special assessment at or before
26 the time of sentencing unless defendant lacks the ability to pay and
27 prior to sentencing submits a completed financial statement on a
28 form to be provided by the United States.

2

1    h)   Make restitution in accordance with the Court's
2 order, and not seek the discharge of any restitution obligation, in
3 whole or in part, in any present or future bankruptcy proceeding.

4                     THE UNITED STATES' OBLIGATIONS
5    3.   The United States agrees to:
6         a)   Not contest facts agreed to in this agreement.
7         b)   Abide by all agreements regarding sentencing
8 contained in this agreement.

9         c)   At the time of sentencing, provided that defendant
10 demonstrates an acceptance of responsibility for the offense up to
11 and including the time of sentencing, recommend a two-level
12 reduction in the applicable Sentencing Guidelines offense level,
13 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
14 for an additional one-level reduction if available under that
15 section.

16        d)   Recommend that defendant be sentenced to a term of
17 imprisonment no higher than the low end of the applicable Sentencing
18 Guidelines range, provided that the offense level used by the Court
19 to determine that range is, after credit for acceptance of
20 responsibility under U.S.S.G. § 3E1.1, equal to or higher than 19,
21 and provided that the Court does not depart downward in offense
22 level or criminal history category.  For purposes of this agreement,
23 the low end of the Sentencing Guidelines range is that defined by
24 the Sentencing Table in U.S.S.G. Chapter 5, Part A.

25                      NATURE OF THE OFFENSE
26    4.   Defendant understands that for defendant to be guilty of
27 the crime charged in count one of the first superseding indictment,
28 that is, conspiracy to pay and receive illegal remunerations for

3

1  health care referrals, in violation of Title 18, United States Code,
2  Section 371, the following must be true: (a) there was an agreement
3  between two or more persons to commit the crime of paying and
4  receiving health care kickbacks, in violation of 42 U.S.C. §§ 1320a-
5  7b(b)(1)(A) and (2)(A); (b) defendant became a member of the
6  conspiracy knowing of its object and intending to help accomplish
7  it; and (c) one of the members of the conspiracy performed at least
8  one overt act for the purpose of carrying out the conspiracy.   In
9  order to be guilty of paying or receiving illegal remuneration for
10 health care referrals in violation of Title 42, United States Code,
11 Section 1320a-7b(b)(1)(A) and (2)(A), the following must be true:
12 (a) defendant paid or received remuneration in cash or kind from a
13 person; (b) defendant paid or received the remuneration to induce
14 the person or in return for referring an individual for the
15 furnishing of a service for which payment may be made under a
16 Federal health care program; and (c) defendant made or received the
17 offer or payment knowingly and willfully.

18                    <u>PENALTIES AND RESTITUTION</u>

19      5.   Defendant understands that the statutory maximum sentence
20 that the Court can impose for a violation of Title 18, United States
21 Code, Section 371, is: 5 years imprisonment; a 3-year period of
22 supervised release; a fine of $250,000 or twice the gross gain or
23 gross loss resulting from the offense, whichever is greatest; and a
24 mandatory special assessment of $100.

25      6.   Defendant understands that defendant will be required to
26 pay full restitution to the victim of the offense to which defendant
27 is pleading guilty.  Defendant agrees that, in return for the United
28 States' compliance with its obligations under this agreement, the

                                    4

1  Court may order restitution to persons other than the victim of the

2  offense to which defendant is pleading guilty and in amounts greater

3  than those alleged in the count to which defendant is pleading

4  guilty.  In particular, defendant agrees that the Court may order

5  restitution to any victim of any of the following for any losses

6  suffered by that victim as a result: (a) any relevant conduct, as

7  defined in U.S.S.G. § 1B1.3, in connection with the offense to which

8  defendant is pleading guilty; and (b) any counts dismissed pursuant

9  to this agreement as well as all relevant conduct, as defined in

10 U.S.S.G. § 1B1.3, in connection with those counts.  The parties

11 currently believe that the applicable amount of restitution is at

12 least $1,251,153, but recognize and agree that this amount could

13 change based on facts that come to the attention of the parties

14 prior to sentencing.

15      7.    Defendant understands that supervised release is a period

16 of time following imprisonment during which defendant will be

17 subject to various restrictions and requirements.  Defendant

18 understands that if defendant violates one or more of the conditions

19 of any supervised release imposed, defendant may be returned to

20 prison for all or part of the term of supervised release authorized

21 by statute for the offense that resulted in the term of supervised

22 release, which could result in defendant serving a total term of

23 imprisonment greater than the statutory maximum stated above.

24      8.    Defendant understands that, by pleading guilty, defendant

25 may be giving up valuable government benefits and valuable civic

26 rights, such as the right to vote, the right to possess a firearm,

27 the right to hold office, and the right to serve on a jury.

28 Defendant understands that once the court accepts defendant's guilty

1 | plea, it will be a federal felony for defendant to possess a firearm
2 | or ammunition.   Defendant understands that the conviction in this
3 | case may also subject defendant to various other collateral
4 | consequences, including but not limited to revocation of probation,
5 | parole, or supervised release in another case and suspension or
6 | revocation of a professional license.   Defendant understands that
7 | unanticipated collateral consequences will not serve as grounds to
8 | withdraw defendant's guilty plea.
9 |      9.   Defendant understands that, if defendant is not a United
10 | States citizen, the felony conviction in this case may subject
11 | defendant to: removal, also known as deportation, which may, under
12 | some circumstances, be mandatory; denial of citizenship; and denial
13 | of admission to the United States in the future.   The court cannot,
14 | and defendant's attorney also may not be able to, advise defendant
15 | fully regarding the immigration consequences of the felony
16 | conviction in this case.   Defendant understands that unexpected
17 | immigration consequences will not serve as grounds to withdraw
18 | defendant's guilty plea.
19 | FACTUAL BASIS
20 |      10.   Defendant admits that defendant is, in fact, guilty of the
21 | offense to which defendant is agreeing to plead guilty.   Defendant
22 | and the United States agree to the statement of facts provided below
23 | and agree that this statement of facts is sufficient to support a
24 | plea of guilty to the charge described in this agreement and to
25 | establish the Sentencing Guidelines factors set forth in paragraph
26 | 12 below but is not meant to be a complete recitation of all facts
27 | relevant to the underlying criminal conduct or all facts known to
28 |

1 either party that relate to that conduct.  Defendant and the United
2 States agree and stipulate to the following facts:

3     Defendant was an administrative assistant at DaVita Doctors
4 Dialysis of East Los Angeles ("DaVita"), which was located at 950
5 South Eastern Avenue, Los Angeles, California 90022.  As an
6 administrative assistant at DaVita, defendant was responsible for
7 arranging patient transportation.

8     At all times relevant to this plea agreement, the Medicare
9 Program ("Medicare") was a federal health care benefit program,
10 within the meaning of that term as used in Title 42, United States
11 Code, Section 1320a-7b(b).  Beginning no later than in or around
12 2010, and continuing through in or around September 2013, in Los
13 Angeles County, within the Central District of California, and
14 elsewhere, defendant, together with others, knowingly combined,
15 conspired, and agreed to pay and receive kickbacks for patient
16 referrals, in violation of Title 42, United States Code, Section
17 1320a-7b(b)(1)(A) and (b)(2)(A).

18     Specifically, defendant conspired and agreed with OXANA
19 LOUTSEIKO, the Operations/General Manager at Mauran Ambulance
20 Service, Inc. ("Mauran") to receive cash kickbacks in return for
21 referrals to Mauran of dialysis patients for whom Mauran would
22 submit claims to Medicare for non-emergency ambulance transportation
23 services and other related services.  Based on the patient referrals
24 from defendant that LOUTSEIKO obtained through illegal kickbacks,
25 Mauran submitted claims to Medicare for approximately $2,483,974 and
26 was paid approximately $1,251,153.

27     In or around April 2011, defendant accepted cash as a kickback
28 from LOUTSEIKO for patient referrals to Mauran.  In or around May

7

1  2011, defendant accepted cash as a kickback from LOUTSEIKO for

2  patient referrals to Mauran.

3       Defendant committed all of the above acts knowingly and

4  willfully and for the purpose of carrying out the conspiracy.  At

5  the time defendant committed the above acts, defendant knew it was

6  illegal to receive remuneration in exchange for referring Medicare

7  beneficiaries to Mauran.

8                          SENTENCING FACTORS

9       11.   Defendant understands that in determining defendant's

10  sentence the Court is required to calculate the applicable

11  Sentencing Guidelines range and to consider that range, possible

12  departures under the Sentencing Guidelines, and the other sentencing

13  factors set forth in 18 U.S.C. § 3553(a).  Defendant understands

14  that the Sentencing Guidelines are advisory only, that defendant

15  cannot have any expectation of receiving a sentence within the

16  calculated Sentencing Guidelines range, and that after considering

17  the Sentencing Guidelines and the other § 3553(a) factors, the Court

18  will be free to exercise its discretion to impose any sentence it

19  finds appropriate up to the maximum set by statute for the crime of

20  conviction.

21       12.   Defendant and the United States agree to the following

22  applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)(2)] |
| Loss Amount:<br>More than $1.5 million<br>But less than $3.5 million | 16 | [U.S.S.G. § 2B1.1(b)(1)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1] |
| **Total Offense Level:** | **19** | |

The United States will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3(c) are met. Subject to paragraph 24 below, defendant and the United States agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed, except that defendant reserves the right to argue — and the government reserves the right to oppose - that a two-level adjustment for minor role under U.S.S.G. § 3B1.2 applies. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the United States were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the United States, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the United States would be free to seek the enhancement set forth in that section.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the United States reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

1        b)    The right to a speedy and public trial by jury.

2        c)    The right to be represented by counsel – and if necessary have the court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

        d)    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e)    The right to confront and cross-examine witnesses against defendant.

        f)    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

1

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2    17.    Defendant agrees that, provided the Court imposes a term
3  of imprisonment within or below the range corresponding to an
4  offense level of 19 and the criminal history category calculated by
5  the Court, defendant gives up the right to appeal all of the
6  following: (a) the procedures and calculations used to determine and
7  impose any portion of the sentence, with the exception of the
8  Court's calculation of defendant's criminal history category; (b)
9  the term of imprisonment imposed by the Court, except to the extent
10  it depends on the Court's calculation of defendant's criminal
11  history category; (c) the fine imposed by the court, provided it is
12  within the statutory maximum; (d) the amount and terms of any
13  restitution order, provided it requires payment of no more than
14  $1,251,153; (e) the term of probation or supervised release imposed
15  by the Court, provided it is within the statutory maximum; and (f)
16  any of the following conditions of probation or supervised release
17  imposed by the Court: the conditions set forth in General Orders
18  318, 01-05, and/or 05-02 of this Court; the drug testing conditions
19  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
20  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21    18.    The United States agrees that, provided (a) all portions
22  of the sentence are at or below the statutory maximum specified
23  above and (b) the Court imposes a term of imprisonment within or
24  above the range corresponding to an offense level of 19 and the
25  criminal history category calculated by the Court, the United States
26  gives up its right to appeal any portion of the sentence, with the
27  exception that the United States reserves the right to appeal the

28

11

following: the amount of restitution ordered if that amount is less than $1,251,153.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement; and (b) should the United States choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claims with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a United States Department of Justice Trial Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the effective date of this agreement and execution of all required certifications by defendant, defendant's counsel, and a United States Department of Justice Trial Attorney, knowingly violates or

fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing.  If the United States declares this agreement breached, and the Court finds such a breach to have occurred, then:

a)   If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b)   The United States will be relieved of all its obligations under this agreement; in particular, the United States: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the United States would otherwise have been obligated to dismiss pursuant to this agreement.

c)   The United States will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or nay evidence derived from the statement s should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

14

24.   Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.   While this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

25.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

15

1              NO ADDITIONAL AGREEMENTS

2       26.   Defendant understands that, except as set forth herein,

3   there are no promises, understandings, or agreements between the

4   United States and defendant or defendant's attorney, and that no

5   additional promise, understanding, or agreement may be entered into

6   unless in a writing signed by all parties or on the record in court.

7       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8       27.   The parties agree that this agreement will be considered

9   part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

13
    SANDRA R. BROWN
14  Acting United States Attorney

15

16  _____          11/15/17
    Alexis D. Gregorian                  Date
17  Trial Attorney, Fraud Section

18  _____          11/15/17
    Maria Espinoza                       Date
19  Defendant

20  _____          11/15/17
    Anthony M. Solis                     Date
21  Attorney for Defendant
    Maria Espinoza

22

23

24             CERTIFICATION OF DEFENDANT

25      I have read this agreement in its entirety.  I have had enough

26  time to review and consider this agreement, and I have carefully and

27  thoroughly discussed every part of it with my attorney.   I

28  understand the terms of this agreement, and I voluntarily agree to

                          16

1  those terms.  I have discussed the evidence with my attorney, and my

2  attorney has advised me of my rights, of possible pretrial motions

3  that might be filed, of possible defenses that might be asserted

4  either prior to or at trial, of the sentencing factors set forth in

5  18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

6  and of the consequences of entering into this agreement.  No

7  promises, inducements, or representations of any kind have been made

8  to me other than those contained in this agreement.  No one has

9  threatened or forced me in any way to enter into this agreement.  I

10 am satisfied with the representation of my attorney in this matter,

11 and I am pleading guilty because I am guilty of the charges and wish

12 to take advantage of the promises set forth in this agreement, and

13 not for any other reason.

14

15 _____        __11_/_15_/_17_____

   Maria Espinoza                         Date
16 Defendant

17

18

19

20

21        CERTIFICATION OF DEFENDANT'S ATTORNEY

22     I am Maria Espinoza's attorney.  I have carefully and

23 thoroughly discussed every part of this agreement with my client.

24 Further, I have fully advised my client of her rights, of possible

25 pretrial motions that might be filed, of possible defenses that

26 might be asserted either prior to or at trial, of the sentencing

27 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

28 Guidelines provisions, and of the consequences of entering into this

                              17

1  agreement.   To my knowledge: no promises, inducements, or

2  representations of any kind have been made to my client other than

3  those contained in this agreement; no one has threatened or forced

4  my client in any way to enter into this agreement; my client's

5  decision to enter into this agreement is an informed and voluntary

6  one; and the factual basis set forth in this agreement is sufficient

7  to support my client's entry of a guilty plea pursuant to this

8  agreement.

9

10  _____          __11/15/17_____

    Anthony M. Solis                     Date
11  Attorney for Defendant
    Maria Espinoza
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18